# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KEITH JOHN ALOMBRO (#429525)                              CIVIL ACTION

VERSUS

ANGELO TARVER, ET AL.                                              NO. 15-548-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 5, 2017.

                                                                                                  _____
                                                                                                RICHARD L. BOURGEOIS, JR.
                                                                                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH JOHN ALOMBRO (#429525)                                    CIVIL ACTION

VERSUS

ANGELO TARVER, ET AL.                                               NO. 15-548-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of remaining defendants Dr. Robert Cleveland, Nurse Jackie Hughes, Warden Darrel Vannoy, Colonel David Wilson, and Major Doug McDonald (R. Doc. 30). This Motion is not opposed.

The *pro se* plaintiff, an inmate incarcerated at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Angelo Tarver, Dr. Robert Cleveland, Nurse Jackie Hughes, Warden Darrel Vannoy, Colonel David Wilson, and Major Doug McDonald complaining that his constitutional rights have been violated due to the defendants' deliberate indifference to his serious medical needs.[1]

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Material Facts, and a certified copy of the plaintiff's pertinent Requests for Administrative Remedy. The plaintiff has not filed an opposition to the Defendants' Motion for Summary Judgment.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to

---

[1] The plaintiff's claims against Dr. Angelo Tarver were previously dismissed as prescribed. The plaintiff's claims regarding the defendants' failure to respond to his informal complaints and violations of his due process rights have also been previously dismissed. The Court also declined the exercise of supplemental jurisdiction over the plaintiff's state law claims. *See* R. Docs. 28 and 29.

judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff sets forth in lengthy detail a summary of medical treatment he has allegedly received and been denied from March 19, 2013 through July

1, 2015. The allegations of the plaintiff's Complaint focus primarily upon alleged delays in medical care and failure to provide him with the medications prescribed to him, resulting in severe pain. *See* R. Docs. 1 and 6.

A review of the certified copy of the plaintiff's pertinent Requests for Administrative Remedy shows that the plaintiff submitted two ARPs within the complained of timeframe. The plaintiff's first ARP ("2014-816") is dated October 30, 2014. The plaintiff complained therein regarding the medical care received by him from March 19, 2013 through May 21, 2014, disciplinary actions taken against him, and intimidation and harassment on the part of various prison officials. *See* R. Doc. 19-3, p. 4-31. This ARP was rejected on November 20, 2014 for containing multiple issues, being too lengthy, and because it pertained to disciplinary matters. *See* R. Doc. 19-3, p. 3. The defendants contend that these matters prescribed prior to the time the plaintiff filed his Complaint on July 28, 2015.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[2] Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the

---

[2] *See* La. Civ. Code Art. 3456

elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the complained of actions or inactions on the part of the remaining defendants occurred between March 19, 2013 and May 21, 2014. Accordingly, the plaintiff's claims against these defendants accrued, at the latest, on May 21, 2014, and the plaintiff had one year within which to file a complaint in this Court. Ordinarily, therefore, any claims that the plaintiff may have had against these defendants would be seen to have prescribed no later than May 21, 2015, the one-year anniversary of the end of the complained of conduct. Further, inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, July 28, 2015, the date that he apparently signed it, it appears from the face of the Complaint that his claim is time-barred.[3] Accordingly, the burden of proof shifts to the plaintiff to show that the limitations period in this case was interrupted or tolled during the one-year period.

Ordinarily, this Court is obligated to take into account the time during which the administrative proceedings were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim). The filing of an administrative grievance, however, only tolls or suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is

---

[3] See below for explanation of the prison mailbox rule.

delivered"). Thus, this Court is required to count against the plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an interruption, "the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

Applying the foregoing, the Court has concluded that the plaintiff's claims based upon his first ARP ("2014-816") accrued and the one-year limitations period commenced to run on May 21, 2014. In addition, the record reflects that the plaintiff submitted a request for administrative remedy to prison officials thereafter. The first question for the Court to consider is the date upon which that administrative grievance tolled the limitations period. In this regard, it appears that the plaintiff's grievance is hand-dated October 30, 2014, and also that there is a date-stamp on the certified copy of the grievance contained in the plaintiff's administrative record, reflecting receipt of the grievance by prison officials on November 19, 2014. *See* R. Doc. 19-3, p. 4. The defendant has utilized the date the plaintiff's grievance was signed, October 30, 2014, in making his calculations relative to the running of the limitations period. Regardless of the date used, the Court's determination is the same.[4]

---

[4] Considering, however, that the official Louisiana Prison Administrative Remedy Procedure states that a prisoner commences the administrative process merely by "completing a request for administrative remedy" or "writing a letter to the warden," and inasmuch as the deadline for responding to an inmate's grievance begins on the date the grievance is "received" by the warden's office, see La. Admin. Code Tit. 22, Pt. I, §§ 325(G)(1)(a)(I) and 325(J)(1)(a)(ii), it appears appropriate to utilize either October 30, 2014, the date the plaintiff signed his grievance, or November 19, 2014, the date the plaintiff's grievance was received by the warden's office. As a result, if the Court were to utilize October 30, 2014, in making its calculations, it would appear that 162 days days elapsed from the one-year limitations period between the occurrence of the incident complained of and the plaintiff's submission of his administrative grievance. In contrast, if the Court were to utilize November 19, 2014, then 182 days may be

Turning to the next part of the calculation, it appears from a review of the administrative record that the plaintiff's administrative proceedings remained pending and thereby suspended the running of the limitations period until those proceedings were concluded by the plaintiff's receipt of the notice regarding rejection of his ARP on November 20, 2014. *See* R. Doc. 19-3, pp. 2-3. *See also* La. R.S. 15:1172(E) (providing that the limitations period is "suspended until the final agency decision is *delivered*" (emphasis added)); *Harris v. Hegmann, supra*, 198 F.3d at 160 (noting that the pertinent date is the date an inmate "receive[s] final notice that his administrative complaint was dismissed"). Accordingly, the applicable limitations period began to run again on that date and, depending upon which of the two potential dates the Court utilizes for the commencement of the plaintiff's administrative proceedings, he then had either 203 days remaining in the one-year limitations period – resulting in a limitations deadline of June 11, 2015 – or 183 days remaining – resulting in a deadline of May 22, 2015.

Finally, the Court looks to the period of time that elapsed between the conclusion of the plaintiff's administrative remedy proceedings and the commencement of his proceedings before this Court. The plaintiff's Complaint was docketed on August 17, 2015, the day it was received by the U.S. District Court for the Middle District of Louisiana. *See* R. Doc. 1. The courts of this Circuit have long concluded that the prison mailbox rule applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates. Pursuant to that rule, an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La. Feb. 28, 2008). The inherent basis for

---

seen to have elapsed. The determination of the correct date is not critical, however, because under either scenario, the plaintiff's Complaint is not timely-filed.

the rule is a recognition that, "[u]nskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his [pleadings] necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities." *Cooper v. Brookshire, supra*, 70 F.3d at 379, *quoting Houston v. Lack*, 487 U.S. 266, 271-72 (1988). The *Cooper* court also recognized that application of the rule allows courts to sidestep such potentially difficult issues as the possible motivation of prison officials to delay or obstruct the filing of inmates' complaints, and "pretermits time-consuming examinations of the circumstances behind any delay." *Id.* Thus, in the absence of evidence to the contrary, courts have generally presumed that the date that an inmate has signed and dated his Complaint is the date that he has given it to prison officials for mailing to the courts. *See Toomer v. Cain*, 2010 WL 4723365, n. 3 (E.D. La. July 30, 2010) (finding that, "[g]enerally, a court will look to the date a prisoner signed his pleading"). In the instant case, the plaintiff's Complaint, was signed and dated by him on July 28, 2015. Accordingly, the Court finds that July 28, 2015, is the applicable filing date of the plaintiff's federal Complaint herein, and inasmuch as that date is beyond the one-year limitations period, irrespective of which date is utilized in determining the commencement of the plaintiff's administrative proceeding, the plaintiff's claims presented in his Complaint based upon his first ARP ("2014-816") should be found to be untimely.

The plaintiff complained in his second ARP ("2015-621"), dated July 4, 2015, of the medical care received by him from March 31, 2015 through June 7, 2015 and disciplinary action taken against him. *See* R. Doc. 19-4, p. 2-5. The plaintiff's second ARP was rejected on July 28, 2015 for containing multiple issues and because it pertained to disciplinary matters, and the plaintiff received notice of the rejection on July 29, 2015. *See* R. Doc. 19-4, p. 2; 6.

The defendants assert that the plaintiff failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e, relative to his claims prior to filing his Complaint. Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[5] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Pre-filing exhaustion is mandatory, and the Court has no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (holding that district court had no discretion to consider claim that was not exhausted at the time of the filing of the federal suit and that exhaustion achieved during the pendency of the federal proceeding is not relevant). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

---

[5] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

A review of the pertinent record (R. Doc. 19-4) reveals that the plaintiff failed to complete the administrative process with regards to his second APR ("2015-621") prior to filing his Complaint on July 28, 2015. The plaintiff did not receive notice of the rejection of his ARP until July 29, 2015. See R. Doc. 19-4, p. 6. However, the plaintiff filed his Complaint one day prior on July 28, 2015. In accordance with the Fifth Circuit's decision in *Gonzales*, the court has "no discretion" to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint and that such a case "must be dismissed." *Gonzalez*, 702 F.3d at 788. Because the plaintiff failed to exhaust available administrative remedies prior to filing suit, the defendants are entitled to summary judgment.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment be granted, dismissing all of the plaintiff's claims as follows: (1) the plaintiff's claims asserted in ARP No. DCI-2014-816 be dismissed with prejudice, as prescribed, and (2) the plaintiff's claims asserted in ARP No. DCI-2015-621 be dismissed as they were filed prematurely.

Signed in Baton Rouge, Louisiana, on May 5, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**